IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. |
| Plaintiff, | |
| vs. | |
| CECIL JOHN ZAK, | |
| Defendant. | |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Andrew E Grow, Jr., United States Postal Inspector ("USPIS"), being duly sworn, depose and state that:

### I. BACKGROUND AND EXPERIENCE OF AFFIANT

1. I am a United States Postal Inspector, assigned to investigate the unlawful transportation of contraband, including Title 21 controlled substances, through the United States Mail.

2. I have been a Postal Inspector since July 2016 and I am currently assigned to the Seattle Division, specifically to the Anchorage Domicile, which is responsible for investigation of control substance law violations involving the United States mail.

3. As part of my duties as a U.S. Postal Inspector, I investigate drug trafficking organizations, including their smuggling routes and the techniques that they

use for transporting controlled substances such as marijuana, cocaine, methamphetamine, and heroin. My duties include investigating drug trafficking organizations, interviewing witnesses, victims and suspects, identifying people involved, developing probable cause for cases, handling and processing various types of evidence, and assembling cases for prosecution. I have conducted and/or participated in numerous investigations relating to the use, possession, manufacture, and trafficking of controlled substances, and I have become familiar with devices, paraphernalia, techniques, and practices used by people engaged in the use, possession, manufacture, and trafficking of controlled substances. I have also conducted and/or participated in investigations which have resulted in the seizure of marijuana, cocaine hydrochloride, opium, heroin, methamphetamine, MDMA (ecstasy), prescription medications, firearms, cellular phones, surveillance systems, cameras, memory cards, computers, documents, money, and precious metals. I have also conducted numerous interviews of people involved in the use, possession, manufacture, and trafficking of controlled substances which have added to my knowledge of the illegal drug culture that exists in Alaska.

## II. PURPOSE OF AFFIDAVIT

This Affidavit is presented in support of a criminal complaint and request for the issuance of arrest warrant against and for Cecil John ZAK for whom I submit there is probable cause to believe he did attempt to possess with intent to distribute 50 or more grams of methamphetamine, he attempt to possess with intent to distribute 100 or more grams of heroin, and he did knowingly possessed with the intent to distribute 5 or more grams of methamphetamine, all which is in violation of Title 21 United States Code,

Section 846, 841(a)(1), (b)(1)(A) and (b)(1)(B). I have not set forth in this affidavit all of the facts and sources of information of which I am familiar that support my assertion of probable cause.

### III. PROBABLE CAUSE STATEMENT

1. On May 19, 2019, USPIS in Anchorage, AK executed Federal Search Warrant 03:19-MJ-00216-MMS on Priority Mail Parcel 9505 5140 6242 9137 2406 94 (Subject Parcel 1) addressed "J. ZAK, P.O. Box 58452, FaiRbanks, AK 99711" from "Joe Wilcox, 925 Cherry Ave, Beaumont, CA 92223." Inside the parcel was approximately 453.59 gross grams of a white crystalline substance which field tested positive for methamphetamine and approximately 170 gross grams of a hard brown black substance which field tested positive for heroin.

2. On May 19, 2019, USPIS in Anchorage, AK executed Federal Search Warrant 03:19-MJ-00215-MMS on Priority Mail Parcel 9505 5140 6242 9137 2407 00 (Subject Parcel 2) addressed "J. ZAK, P.O. Box 58452, FaiRbanks, AK 99711" from "Joe Wilcox, 925 Cherry Ave, Beaumont, CA 92223." Inside the parcel was approximately 903.42 gross grams of a white crystalline substance which field tested positive for methamphetamine and approximately 56.94 gross grams of a hard brown black substance which field tested positive for heroin.

3. On May 19, 2019, Order number 03:19-MJ-00217-MMS was signed, authorizing the installation and monitoring of an electronic alerting device and electronic tracking device in the Subject Parcel 1 and recovery of these devices by

entry of premises where the parcel is opened.

4. On May 19, 2019, Order number 03:19-MJ-00218-MMS was signed, authorizing the installation and monitoring of an electronic alerting device and electronic tracking device in the Subject Parcel 2 and recovery of these devices by entry of premises where the parcel is opened.

5. On May 20, 2019, a controlled delivery was conducted of the Subject Parcel 1 and Subject Parcel 2 at the recipient's address in which the seized narcotics were removed and a representative sample of the methamphetamine and heroin were placed inside of the Subject Parcel 1 and Subject Parcel 2.

6. At approximately 6:52 PM on May 20, 2019, Postal Inspectors observed Subject Parcel 1 and Subject Parcel 2 being delivered to the recipient, Cecil John ZAK. ZAK exited the Badger CPU and entered his vehicle.

7. At approximately 6:52 PM, Agents heard the monitoring device change tone, indicating break-tone. ZAK then drove away from the Badger CPU with both parcels inside his vehicle.

8. At approximately 7:06 PM, ZAK turned down Otter Drive and stopped in front of his residence, 2031 Otter Drive, North Pole, AK. ZAK then drove south on Otter Drive and stopped in front of a different residence.

9. At approximately 7:15 PM, agents and officers made contact with ZAK in his vehicle. ZAK was taken into custody without incident.

10. Subject Parcel 1 and Subject Parcel 2 were located inside of ZAK's vehicle. Both parcels corners were indented and there was damage. In my training and

experience and discussion with other law enforcement officers, the exterior damage was consistent with manipulation of the Subject Parcel's in an attempt to circumvent any devices installed by law enforcement, specifically to trigger a "break-tone" without opening the parcel.

11. ZAK was transported to the Fairbanks AST post. He was read his Miranda rights and explained his situation during a recorded interview. ZAK invoked his right to have an attorney present. ZAK also stated he thought Subject Parcel 1 and Subject Parcel 2 was from "Avon."

12. "Avon," is a beauty supply product which is sold online and in stores. From my experience and experience of other law enforcement officers, I know that commercial companies ship their parcels via commercial mailings or utilize an account with USPS or shipping companies. Subject 1 and Subject 2 were shipped over the counter, retail, handwritten label, undeliverable return address and the postage was paid for in cash.

13. On May 20, 2019, a Federal Search Warrant was obtained and executed on ZAK's residence, 2031 Otter Drive, North Pole, AK.

14. As a result of a Federal Search Warrant served on ZAK's residence, over 5 grams of methamphetamine, $3000.00 in U.S. Currency, suspected ecstasy pills, money counter, digital scales, baggies/Zip-Lock bags with suspected drug residue, suspected mephedrone, USPS tracking receipts/labels, Braztech .22 long rifle, Springfield XD .45, .762 Century Arms Inc. (AK-47), and a Remington shotgun model M887 was seized or photographed. In addition, there were no "Avon"

products located in the residence.

Respectfully submitted,

*signature*

Andrew E. Grow, Jr.
Postal Inspector, USPIS
Anchorage Domicile

Subscribed and sworn to before me
on May 21, ~~19~~ 2019

*signature*

UNITED STATES MAGISTRATE JUDGE
Scott A. Oravec
Fairbanks, Alaska